# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|                                    |   |                        |
|------------------------------------|---|------------------------|
| **BRENDA ROBINSON,**               | ) |                        |
|     Plaintiff,                     | ) |                        |
| v.                                 | ) | No. 11-cv-2195-SHM-tmp |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |         |
|     Defendant.                     | ) |                        |

# ORDER

Before the Court is the Magistrate Judge's Report and Recommendation, dated December 4, 2017 (the "Report"). (ECF No. 27.) The Report recommends that Plaintiff Brenda Robinson's complaint seeking judicial review of a final decision of the Commissioner of the Social Security Administration be dismissed with prejudice under Federal Rule of Civil Procedure 41(b). Robinson has not filed objections to the Report, and the deadline for doing so has passed. L.R. 72.1(g)(2).

For the following reasons, the Report is ADOPTED and Robinson's complaint is DISMISSED with prejudice.

On March 16, 2011, Robinson filed her Complaint for Review of Decision of the Social Security Administration, alleging

that the final decision of the Commissioner of the Social Security Administration denied her claim for Supplemental Social Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq. (ECF No. 1.) The Commissioner moved to remand for further administrative proceedings under sentence six of 42 U.S.C. § 405(g). (ECF No. 14.) On October 4, 2011, the motion to remand was granted. (ECF No. 15.) The subsequent administrative proceedings ended in an unfavorable decision for Robinson. (ECF No. 20.)

The Commissioner filed an answer in this proceeding on July 28, 2017. (ECF No. 19.) The Court then reopened the case. (ECF No. 20.)

On August 4, 2017, an attorney with the law firm that represented Robinson initially moved to withdraw, representing that Robinson's attorney had withdrawn his and his firm's representation in 2012. (ECF No. 23.) The Court granted the motion to withdraw the same day. (ECF No. 24.)

On October 19, 2017, United States Magistrate Judge Tu M. Pham opined that "it appears that Robinson is now appearing pro se – and has been pursuing her case as a pro se plaintiff since shortly after her case was remanded in October 2011," and that "it appears that Robinson is currently incarcerated, and her address of record is incorrect." (ECF No. 25 at 393.) Having

2

determined that Robinson might not have received notice of the scheduling order, the Magistrate Judge ordered the Clerk of Court to send notification to Robinson's address of record and to the Tennessee Prison for Women in Nashville. (Id. at 393-94.) The Magistrate Judge also amended the scheduling order, giving Robinson until December 1, 2017, to respond to the Commissioner's answer. (Id. at 394.) The Magistrate Judge warned that Robinson's failure to comply would result in dismissal of her case with prejudice. (Id.)

On December 4, 2017, the Magistrate Judge entered the Report. (ECF No. 26.) The Report recommends that the action be dismissed with prejudice under Federal Rule of Civil Procedure 41(b). The Report explains that:

> The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:
>
>> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.
>
> Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005) (citing Knoll, 176 F.3d at 363). Based on these factors, the undersigned submits that dismissal of Robinson's complaint is appropriate.
>
> Robinson has not, as required, kept the court informed of her current address. See, e.g. Watsy v.

3

>    Richards, No. 86-1856, 1987 WL 37151 (6th Cir. Apr. 20, 1987) (holding that a Rule 41(b) dismissal is appropriate when a pro se litigant fails to provide the court with information regarding her current address). Also, "the fact that a plaintiff is incarcerated does not absolve him of the responsibility to prosecute his lawsuit in a diligent manner." Harbison v. Thompson, No. 3:14-cv-0409, 2017 WL 395003 (M.D. Tenn. Jan. 30, 2017) (citing Snavley v. Redman, 107 F.R.D. 346 (E.D. Mich. 1985)). Regarding the first and second factors, while "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith, or fault, . . . defendants cannot be expected to defend an action" that plaintiff has "apparently abandoned." White v. Bouchard, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008). Accordingly, the first and second factors weigh in favor of dismissal. The third factor is satisfied because the record shows that Robinson was warned that her claim could be dismissed if she did not abide by the orders of the court. Because she has failed to keep the court updated on her current address and has not taken any action since the case was reopened, Robinson has effectively abandoned her case. As for the fourth factor, while less drastic measures were considered, the court finds that, under the present circumstances, no sanction short of dismissal will cure plaintiff's failure to prosecute this matter.

(Id. at 400-01.)

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has

4

been properly objected to." See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review -- under a *de novo* or any other standard -- those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151.

Robinson has not objected to the Report. The Report should be adopted. See Arn, 474 U.S. at 150-51.

For the foregoing reasons, the Report is ADOPTED and Robinson's complaint is DISMISSED with prejudice.

So ordered this 21st day of December, 2017.

                                        */s/ Samuel H. Mays, Jr.*
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE